## CONSOLIDATED CAR HEATING CO. v. KAHN.

(Supreme Court, Appellate Term.    November 18, 1903.)

1. GOODS SOLD AND DELIVERED—ACTION—EVIDENCE—VARIANCE.

    Where plaintiff sues for goods sold and delivered, he is not entitled to a recovery on evidence not showing a sale or delivery, but tending to show a cause of action on an account stated.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Consolidated Car Heating Company against Leopold Kahn.    From a judgment in favor of plaintiff, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Louis Scheuer, for appellant.

Hastings & Gleason, for respondent.

BLANCHARD, J.    This action was brought to recover a balance due upon a claim for goods sold and delivered.    The answer of the defendant was in effect a general denial, and further specifically set out a breach of the contract of sale.    Upon the trial the plaintiff did not attempt to prove the sale or delivery, but gave evidence, under the objection and exception of defendant's counsel, of a promise of defendant to pay.    The plaintiff's proof tended rather to. establish a cause of action upon an account stated, than one for goods sold and delivered; and, at the close of plaintiff's case, defendant moved to dismiss for the failure of plaintiff to establish the cause of action it had pleaded, which motion was denied, and defendant duly excepted.

We are of the opinion that the defendant's exceptions are well taken.    The cause of action proved must be in accordance with the cause of action alleged.    Clark v. Post, 113 N. Y. 17, 20 N. E. 573, in which case Judge Danforth says (page 27, 113 N. Y., page 576, 20 N. E.):

"A party must recover not only by his proof, but upon his allegations. The facts stated must constitute a cause of action, and they must be in evidence. It is not enough that they stand upon proof, unless that proof is preceded by statement."

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event.    All concur.